Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

David B. Rosemberg (*pro hac vice*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Ste. 602
Miami, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ANTONIO HAUA and BIBIANA KURI OTERO<br><br>Plaintiffs,<br><br>vs.<br><br>PRODIGY NETWORK, LLC a Delaware limited liability company, PRODIGY SHOREWOOD INVESTMENT MANAGEMENT, LLC, and 17 JOHN PREFERRED, INC., a Delaware corporation,<br><br>Defendants. | Case No. 1:20-cv-02318-PGG<br><br><br>**DECLARATION OF STEVEN M. LUCKS IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR DEFAULT JUDGMENT</u>** |

STEVEN M. LUCKS declares under penalty of perjury:

1.      I am an attorney-at-law admitted to practice in the State of New York and in the United States District Court for the Southern District of New York, and I am a partner with Fishkin Lucks LLP, counsel for plaintiffs Jose Antonio Haua and Bibiana Kuri Otero (together, "Plaintiffs").  I am authorized to make this declaration in support of Plaintiffs' motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), Local Rule 55.2, and this Court's Individual Rules of Practice, and I have personal knowledge of the facts set forth herein.

## Procedural Background

2.      On March 16, 2020, Plaintiffs filed this action against Prodigy Shorewood Investment Management, LLC ("PSIM"), Prodigy Network, LLC ("Prodigy Network"), and 17 John Preferred, Inc. ("17 John") (PSIM, Prodigy Network, and 17 John, collectively "Defendants," and Prodigy Network together with 17 John, "Defaulting Defendants"), asserting a claim for breach of contract.  ECF No. 1.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

3.      17 John, a Delaware corporation, was properly served with the complaint on March 18, 2020, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, by delivery to an agent authorized to receive service of process.  ECF No. 11.  A true and correct copy of the affidavit of service on 17 John is attached hereto as Exhibit B.  The deadline for it to respond to the complaint was April 8, 2020.  Fed. R. Civ. P. 12(a)(1)(A)(i).

4.      Prodigy Network, a Delaware limited liability company, was properly served with the complaint on March 27, 2020, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, by delivery to an agent authorized to receive service of process.  ECF No. 12.  A true and correct copy of the affidavit of service on Prodigy Network is attached hereto as Exhibit C. The deadline for it to respond to the complaint was April 17, 2020.  Fed. R. Civ. P. 12(a)(1)(A)(i).

5.      17 John and Prodigy Network failed to respond to the complaint or otherwise defend the action by their respective deadlines to respond.

6.      On May 14, 2020, the Clerk of the Court certified that 17 John did "not file[] an answer or otherwise move[] with respect to the complaint."  ECF No. 27.  A true and correct copy of the Clerk's Certificate of Default for 17 John is attached hereto as Exhibit D.

7.      On May 14, 2020, the Clerk of the Court certified that Prodigy Network did "not file[] an answer or otherwise move[] with respect to the complaint."  ECF No. 28.  A true and correct copy of the Clerk's Certificate of Default for Prodigy Network is attached hereto as Exhibit E.

## Default Judgment Is Appropriate

8.      Default judgment is appropriate against 17 John because it was personally served with the original summons and complaint on March 18, 2020 and has not answered or otherwise responded to the Complaint.  *See* Ex. B.

9.      Similarly, default judgment is appropriate against Prodigy Network because it was personally served with the original summons and complaint on March 27, 2020 and has not answered or otherwise responded to the Complaint.  *See* Ex. C.

10.      Federal Rule of Civil Procedure 55 governs the process by which default judgment may be obtained against an unresponsive party.  *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see* Fed. R. Civ. P. 55.  Rule 55 contemplates a two-step process to obtain default judgment, which includes: first, the entry of default and, second, the entry of default judgment.  *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

11.     The Clerk of the Court certified 17 John and Prodigy Network's default on May 14, 2020.  Exs. D & E.  Accordingly, the Plaintiffs have satisfied the first step of the default judgment process.

12.     "After default has been entered, all of the well-pleaded allegations in the complaint pertaining to liability are deemed true."  *Carlone v. Lion & the Bull Films, Inc.*, 861 F. Supp. 2d 312, 319 (S.D.N.Y. 2012).

13.     Here, the Complaint asserts a single claim for breach of contract and establishes that (i) on June 7, 2017, pursuant to a subscription agreement, Plaintiffs invested $500,000 in Defendants' real estate development venture, Ex. A ¶ 17; (ii) six days later, the Plaintiffs entered into a side letter agreement with Prodigy Network, which granted Plaintiffs the unconditional right to redeem their investment for an annually compounded return of 20%, *id.* ¶ 18; (iii) on October 3, 2018, Plaintiffs and Prodigy Network amended the June 2017 side letter to extend the Plaintiffs' right to redeem their investment by fifteen months, *id.* ¶ 21; (iv) on June 27, 2019, Plaintiffs timely submitted to Prodigy Network a written demand to redeem their investment pursuant to the June 2017 side letter, *id.* ¶ 23; (v) on September 9, 2019, Plaintiffs and PSIM entered into another amendment to the June 2017 side letter, which provided PSIM an additional 120 days to arrange for and complete the sale of Plaintiffs' investment, which gave Defendants until February 12, 2020 to satisfy Plaintiffs' redemption demand, *id.* ¶¶ 24-25; and (vi) to date, Defendants have refused to honor Plaintiff's redemption demand, *id.* ¶ 25.

14.     "Under New York law, the elements of a breach of contract claim are (1) the existence of an agreement; (2) adequate performance of the contract by the plaintiff; (3) breach of

contract by the defendant; and (4) damages."[1]  *Swan Media Group, Inc. v. Staub*, 841 F. Supp. 2d 804, 807 (S.D.N.Y. 2012).

15.     Because, defaulting defendants are deemed to have admitted all well-pleaded allegations in the complaint, Plaintiffs have established that:  (1) they entered into an agreement with the Defaulting Defendants; (2) they substantially performed their obligations under the agreement; (3) Defendants breached the agreement by failing and refusing to satisfy Plaintiffs' redemption demand; and (4) they have suffered damages as a result of Defendants' breach.

**The Court May Enter Default Judgment Prior to Resolution of the Entire Action**

16.     Typically, in multi-defendant cases where some, but not all, of the defendants have defaulted, judgment is entered against the defaulting parties only as to liability, while damages are determined upon resolution of the claims against the non-defaulting defendants.  *Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645, 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008). However, district courts have "discretion to depart from this usual rule in the interests of justice." *Johannes Baumgartner und Vermogensbertung GMBH v. Salzman*, No. 08-CV-2582, 2010 WL 3937270, at *1 (E.D.N.Y. Sept. 30, 2010).  For example, in *Albany Molecular Research, Inc. v. Waterville Valley Technologies, Inc.*, 323 F.R.D. 489, 494-95 (N.D.N.Y 2018), the court entered default judgment against a defaulting defendant in the same order that it denied an answering defendant's motion to dismiss.  The default judgment in *Albany Molecular* was entered without a hearing on damages and based on documentation and a sworn declaration outlining the damages. *Id.*

17.     Given that the Defendants have not only refused to honor Plaintiffs' redemption demand, but also have made it known that their real estate project at 17 John Street is falling below

---

[1] It is uncontested that this dispute is governed by New York law.

performance projections and losing money, it is in the interests of justice to enter default judgment against the Defaulting Defendants while there is still value in the project at 17 John Street. *See* Ex. A ¶ 22. Similar to the circumstances in *Albany Molecular*, where the court exercised its discretion to enter default judgment as to less than all of the defendants, here the basis for damages is valid, specified, and readily ascertainable. Moreover, because the value of the project at 17 John Street is decreasing, Plaintiffs are at risk of losing any recovery if damages are determined upon resolution of the claims against PSIM. *See Johannes Baumgartner*, 2010 WL 3937270, at *1 (where there is a risk of dissipating assets, "a judgment delayed may be justice denied").

## Damages

18. The declaration of Jose Antonio Haua (the "Haua Declaration"), attached hereto as Exhibit F, outlines Plaintiffs' damages.

19. In New York, "the nonbreaching party may recover the natural and probable consequences of the breach." *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191, 200 (S.D.N.Y. 2006). As such, Plaintiffs are entitled to the $739,448.25 contained in paragraph 9 of the Haua Declaration because but for the Defendants' breach, that is the amount Plaintiffs' were entitled to under the terms of the agreement.

20. Additionally, the Plaintiffs are entitled to recover 20% annually compounded interest from the date hereof until judgment is entered, which is $355.62 per diem until June 6, 2020, when interest will be compounded again. Beginning June 7, 2020, after annual interest is compounded, the per diem rate will be $426.74 until June 6, 2021.

21. Finally, pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiffs are entitled to recover $775.00 described in the Haua Declaration, for litigation costs other than attorneys' fees.

## No Inquest Is Necessary

22.     While hearings on damages are authorized by Rule 55(b)(2), they are not mandatory. *Action S.A. v. Marc Rich 7 Co., Inc.*, 951 F.2d 504, 508 (2d Cir.1991).  District courts have "discretion in determining when it is necessary and proper to hold an inquest on damages." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir.2012). "[A] hearing is unnecessary so long as (i) the Court has determined the proper rule for calculating damages, and (ii) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment." *TigerCandy Arts, Inc. v. Blairson Corp.*, No. 09-Civ.-6215, 2012 WL 760168, at *1 (S.D.N.Y. Feb. 23, 2012), Report & Recommendation, adopted by 2012 WL 1948816 (S.D.N.Y. May 30, 2012).

23.     Additionally, the Haua Declaration outlines, to a reasonable certainty, the basis for the damages alleged. *See Cement and Concrete Workers*, 699 F.3d 230, 234 (detailed affidavits and documentary evidence sufficient to determine damages for default judgment).  Here, the calculation of damages is straightforward and simple:  Plaintiffs are entitled to their initial investment amount ($500,000), less the total distributions they received ($55,309.35), plus interest at 20%, compounded annually, from June 7, 2017 through the date hereof.  As reflected in the table below, annual interest will compound again on June 6, 2020.  The per diem rate for the compounding period ending June 6, 2020 is $355.62.  The per diem rate for the compounding period beginning June 7, 2020 and ending June 6, 2021 is $426.74.

| Compounding Period | Principal (after distributions and previously earned interest, as applicable) | Annual Interest Earned[2] |
|---|---|---|
| June 7, 2017 – June 6, 2018 | $480,726.03 | $96,145.21 |
| June 7, 2018 – June 6, 2019 | $540,835.76 | $108,167.15 |
| June 7, 2019 – June 6, 2020 | $649,002.91 | $129,800.58 ($355.62 per diem) |
| June 7, 2020 – June 6, 2021 | $778,803.49 | $155,760.70 ($426.74 per diem) |

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 1st day of June, 2020 New York, NY.

_____
STEVEN M. LUCKS

---

[2] Interest was calculated by multiplying the principal, including any distributions made by Defendants and all previously-earned interest, by (1+0.20).

00074688.1                                    8