Steven M. Lucks
Zachary W. Silverman
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, NY 10007
Tel: 646.755.9200
Fax: 973.679.4435
slucks@fishkinlucks.com
zsilverman@fishkinlucks.com

David B. Rosemberg (*pro hac vice*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Ste. 602
Miami, FL 33180
Tel: 305.602.2008
Fax: 305.602.0225
david@rosemberglaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE ANTONIO HAUA and BIBIANA KURI OTERO<br><br>Plaintiffs,<br><br>vs.<br><br>PRODIGY NETWORK, LLC a Delaware limited liability company, PRODIGY SHOREWOOD INVESTMENT MANAGEMENT, LLC, and 17 JOHN PREFERRED, INC., a Delaware corporation,<br><br>Defendants. | Case No. 1:20-cv-02318-PGG-KNF<br><br>**DECLARATION OF STEVEN M. LUCKS IN SUPPORT OF PLAINTIFFS' <u>MOTION FOR CONTEMPT</u>** |

STEVEN M. LUCKS, under penalty of perjury and in lieu of an affidavit as permitted by 28 U.S.C. § 1746, declares:

1.      I am an attorney admitted to practice in the State of New York and in this Court, and I am a partner with Fishkin Lucks LLP, counsel for plaintiffs Jose Antonio Haua and Bibiana Kuri Otero (collectively "Plaintiffs").  I make this declaration in support of Plaintiffs' motion for an order—pursuant to this Court's February 17, 2021 order, ECF No. 76, directing 17 John Street Property Owner LLC ("17 John Owner") to respond to Plaintiffs' information subpoena ("Order"), and Local Rule Local Rule 83.6—finding 17 John Owner in contempt of the Order and further ordering: (1) such civil or criminal penalties against 17 John Owner as this Court deems just and (2) that Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with their enforcement of the Order.  I have personal knowledge of the facts set forth herein.

## **Procedural Background**

2.      On March 16, 2020, Plaintiffs filed this action against Prodigy Network, LLC ("Prodigy Network"), Prodigy Shorewood Investment Management, LLC, and 17 John Preferred Inc. ("17 John"), asserting a claim for breach of contract.  ECF No. 1.

3.      17 John, a Delaware corporation, was properly served with the complaint on March 18, 2020, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, by delivery to an agent authorized to receive service of process.  ECF No. 11.  The deadline for it to respond to the complaint was April 8, 2020.  Fed. R. Civ. P. 12(a)(1)(A)(i).

4.      Prodigy Network, a Delaware limited liability company, was properly served with the complaint on March 27, 2020, pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, by delivery to an agent authorized to receive service of process.  ECF No. 12.  The deadline for it to respond to the complaint was April 17, 2020.  Fed. R. Civ. P. 12(a)(1)(A)(i).

5.      17 John and Prodigy Network (together "Defaulting Defendants") failed to respond to the complaint or otherwise defend the action by their respective deadlines to do so.

6. On May 14, 2020, the Clerk of the Court certified that 17 John did "not file[] an answer or otherwise move[] with respect to the complaint." ECF No. 27

7. On May 14, 2020, the Clerk of the Court certified that Prodigy Network did "not file[] an answer or otherwise move[] with respect to the complaint." ECF No. 28.

8. On June 1, 2020, Plaintiffs moved by order to show cause for a default judgment against the Defaulting Defendants. ECF No. 34. On June 3, 2020, this Court entered Plaintiffs' proposed order to show cause. ECF No. 35.

9. On June 5, 2020, I caused a copy of the entered order to show cause, along with the other documents supporting Plaintiffs' default judgment motion (the proposed default judgment and the declaration of Steven M. Lucks, with exhibits) to be served upon Defaulting Defendants, consistent with the order to show cause, by FedEx overnight delivery. These papers were delivered on June 8, 2020. ECF No. 36 (proof of service on 17 John); ECF No. 37 (proof of service on Prodigy Network).

10. On August 7, 2020, at this Court's direction, I filed a supplemental declaration in support of Plaintiffs' motion for default judgment. ECF No. 52.

11. On August 13, 2020, the Court entered default judgment against the Defaulting Defendants in the amount of $808,596.96. ECF No. 55.

12. On January 8, 2021 pursuant to Fed. R. Civ. P. 69(a)(2) and CPLR 5224 and in an effort to enforce the August 13 judgment, Plaintiffs caused an information subpoena to be served on 17 John Owner by certified mail, return receipt requested. ECF No. 75-1.

13. 17 John Owner received the information subpoena on January 21, 2021. ECF No. 75-2.

14. The subpoena was returnable no later than January 28, 2021. *See* ECF No. 75-1.

15. Plaintiffs did not receive from 17 John Owner, any response to or communication concerning the information subpoena by the January 28 return date.

16. On February 5, 2021, I sent 17 John Owner a letter requesting that it respond to Plaintiffs' information subpoena by February 12, 2021, failing which Plaintiffs would seek an order from this Court directing 17 John Owner to respond to the information subpoena. ECF No. 75-3.

17. Plaintiffs did not receive from 17 John Owner any response to the February 5 letter.

18. On February 16, 2021, Plaintiffs moved by letter motion for an order compelling 17 John Owner to provide responsive answers to Plaintiffs' information subpoena. ECF No. 75.

19. The next day, the Court entered the Order, which directed 17 John Owner to "provide answers responsive to Plaintiffs' information subpoena served on it dated January 8, 2021, within ten days of this date." ECF No. 76. The Order further provided that "[f]ailure to respond to the Information Subpoena will serve as grounds for finding that 17 John Street Property Owner LLC is in contempt of this Court and will be subject to civil and criminal penalties." *Id.*

20. On the same day, pursuant to the Order, I caused a copy of the Order to be served upon 17 John Owner by FedEx overnight delivery, which was effected on February 18, 2021. ECF No. 77.

21. As of this date, Plaintiffs still have not received from 17 John Owner any response to or communication concerning the January 8 information subpoena.

**17 John Owner's Non-Compliance Warrants Holding It in Contempt**

22. "It is a firmly established principal that federal courts possess the inherent power to punish for contempt." *D'Orange v. Feely*, 959 F. Supp. 631, 634 (S.D.N.Y. 1997).

23. "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the

proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted in a reasonable manner to comply." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir. 1989).

24. Similarly, "[t]o find a person in criminal contempt, the evidence must show beyond a reasonable doubt that: '(1) the court entered a reasonably specific order; (2) defendant knew of that order; (3) defendant violated that order; and (4) his violation was willful.'" *Dvorkin v. N.Y.-Presbyterian Hosp.*, No. 10-CV-03680 (GBD), 2011 WL 280801, at *2 (S.D.N.Y. Jan. 19, 2011) (quoting *United States v. Cutler*, 58 F.3d 825, 834 (2d Cir.1995)).

25. Here, the Order unambiguously required 17 John Owner to respond to post-judgment discovery, 17 John Owner received the Order, and 17 John Owner unquestionably failed to respond to Plaintiffs' post-judgment discovery, despite explicit warnings in the Order that such failure would serve as grounds for a finding of civil or criminal contempt and an award of sanctions.

**Civil and Criminal Penalties, as Well as Reasonable Attorneys' Fees, Are Appropriate**

26. "A district Court has discretion to impose contempt sanction for violations of post-judgment discovery orders." *Export-Import Bank of Republic of China v. Grenada*, 06-cv-2469, 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010) (citing *Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991)). A civil contempt sanction serves "dual purposes: securing future compliance with court orders and compensating the party that has been wronged." *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 146 (2d Cir. 2010) (internal quotation marks and alterations omitted); *see also Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986) ("The purpose of civil contempt, broadly stated, is to compel a reluctant party to do what a court requires of him."). Criminal contempt, however, "is punitive in nature, and seeks to vindicate the authority of the court." *A.V. By Versace, Inc. v.*

*Gianni Versace S.p.A.*, 446 F.Supp.2d 252, 258 (S.D.N.Y. 2006); *see also Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828 (1994). As explained above, 17 John Owner's blatant disregard for the Order provides sufficient grounds for this Court to impose civil or criminal penalties for its noncompliance with the Order.

27. Plaintiffs further request that 17 John Owner be ordered to pay Plaintiffs' reasonable attorneys' fees and expenses "necessitated by the[se] contempt proceedings," as expressly permitted under Local Rule 83.6(a).

28. To the extent this Court awards Plaintiffs such fees and expenses, we would be pleased to submit supporting invoices.

29. In accordance with Local Rule 83.6, Plaintiffs will cause to be personally served on 17 John Owner this motion for contempt (including supporting papers) and a copy of Local Rule 83.6

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of March, 2021 New York, NY.

                                                              STEVEN M. LUCKS