UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSE ANTONIO HAUA and BIBIANA
KURI OTERO,

                    Plaintiffs,

           -against-

PRODIGY NETWORK, LLC, a Delaware
limited liability company, PRODIGY
SHOREWOOD INVESTMENT
MANAGEMENT, LLC, and 17
JOHN PREFERRED, INC., a Delaware
Corporation,

                    Defendants.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

20-CV-2318 (PGG) (KNF)

 

 

    Before the Court is the plaintiffs' motion "for an order—pursuant to this Court's

February 17, 2021 order, ECF No. 76, directing 17 John Street Property Owner LLC ("17 John

Owner") to respond to Plaintiffs' information subpoena ("Order"), and Local Rule 83.6—finding

17 John Owner in contempt of the Order and further ordering: (1) such civil or criminal penalties

against 17 John Owner as the court deems just and (2) that Plaintiffs be awarded their reasonable

attorneys' fees incurred in connection with their enforcement of the Order."  Docket Entry No.

80.  The motion is unopposed.

    In support of the motion, the plaintiffs submitted the declaration of their counsel, Steven

M. Lucks.  See Docket Entry No. 81.  Lucks avers that, on August 13, 2020, a judgment by

default was entered against, inter alia, defendant 17 John Preferred Inc. ("17 John").  According

to Lucks, to enforce that judgment, the plaintiffs "caused an information subpoena to be served

1

on 17 John Owner by certified mail, return receipt requested." Lucks maintains that on February 16, 2021, the assigned district judge entered an order directing 17 John Owner to respond to the plaintiffs' January 8, 2021 information subpoena within ten days. Lucks asserts that on February 17, 2021, he "caused a copy of the Order to be served upon 17 John Owner by FedEx overnight delivery, which was effected on February 18, 2021." The plaintiffs contend they did not receive any response from 17 John Owner concerning the January 8, 2021 subpoena.

According to Lucks's declaration, 17 John Owner's failure to comply with the February 17, 2021 order warrants a finding of civil or criminal contempt, because "the Order unambiguously required 17 John Owner to respond to post-judgment discovery, 17 John Owner received the Order, and 17 John Owner unquestionably failed to respond to Plaintiffs' post-judgment discovery, despite explicit warnings in the Order that such failure would serve as grounds for a finding of civil or criminal contempt and an award of sanctions." The plaintiffs contend that civil and criminal contempt penalties are appropriate to secure 17 John Owner's future compliance with court orders, compensate the wronged party, and punish 17 John Owner for its noncompliance. The plaintiffs request that the court award to the plaintiffs the "reasonable attorneys' fees and expenses 'necessitated by the[se] contempt proceedings,' as expressly permitted under Local Rule 83.6(a)."

The plaintiffs also submitted an "affidavit of service" indicating that the "Motion for Contempt against 17 John Street Property Owner LLC; Declaration of Steven M. Lucks in Support; and S.D.N.Y. Local Rule 83.6" were personally served upon an agent of 17 John Owner on March 16, 2021. Docket Entry No. 82.

**LEGAL STANDARD**

Local Civil Rule 7.1(a) of this court requires that motions include the following

motion papers:

> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Civil Rule 7.1(a).

"A court's inherent power to hold a party in civil contempt may be exercised only when

(1) the order the party allegedly failed to comply with is clear and unambiguous, (2) the proof of

noncompliance is clear and convincing, and (3) the party has not diligently attempted in a

reasonable manner to comply." New York State Nat. Org. for Women v. Terry, 886 F.2d 1339,

1351 (2d Cir. 1989). A court may hold a party in criminal contempt only when "(1) the court

entered a reasonably specific order; (2) defendant knew of that order; (3) defendant violated that

order; and (4) his violation was willful." United States v. Cutler, 58 F.3d 825, 834 (2d Cir.

1995). A violation is willful when there is "a specific intent to consciously disregard an order of

the court." Id. at 837 (citing United States v. Berardelli, 565 F.2d 24, 30 (2d Cir. 1977)).

"Due process requires that before being held in contempt, a party must have notice that it

is a defendant in a contempt hearing." Drywall Tapers & Pointers of Greater New York, Loc.

1974 v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 394 (2d

Cir. 1989) (citations omitted). To that end, the Local Civil Rules of this court require that a

proceeding to adjudicate a person in civil contempt be commenced by "service of a notice of

motion or order to show cause." Local Civil Rule 83.6(a). "Where the alleged contemnor has appeared in the action by an attorney, the notice of motion or order to show cause and the papers upon which it is based may be served upon said attorney; otherwise service shall be made personally, together with a copy of this Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." Local Civil Rule 83.6(a).

"A district court has discretion to impose contempt sanctions for violations of post-judgment discovery orders." Exp.-Imp. Bank of Republic of China v. Grenada, No. 06 CIV 2469, 2010 WL 5463876, at *1 (S.D.N.Y. Dec. 29, 2010) (citing Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1363 (2d Cir.1991)). "The imposition of civil contempt sanctions may serve dual purposes: to secure future compliance with court orders and to compensate the party that has been wronged." Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 657 (2d Cir. 2004). Local Civil Rule 83.6(a) authorizes the inclusion of "a reasonable counsel fee, necessitated by the contempt proceedings" among the compensatory damages for civil contempt.

The Federal Magistrates Act provides that, in civil, non-consent cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C.§ 636(e)(6)(B)(iii).

In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt."

Church v. Steller, 35 F. Supp. 2d 215, 217 (N.D.N.Y. 1999). "The district court, upon

certification of the facts supporting a finding of contempt, is then required to conduct a de novo

hearing at which issues of fact and credibility determinations are to be made." Bowens v. Atl.

Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal citation omitted).

As noted above, a party may be held in civil contempt for failing to comply with a court's order

if:

> (1) the order the [alleged contemnor] failed to comply with is clear and unambiguous, (2) the
> proof of noncompliance is clear and convincing, and (3) the [alleged contemnor] has not
> diligently attempted to comply in a reasonable manner. A clear and unambiguous order is
> one that leaves "no uncertainty in the minds of those to whom it is addressed," who "must be
> able to ascertain from the four corners of the order precisely what acts are forbidden."

King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted). Absent

clear and convincing evidence of noncompliance, the harsh remedy of civil contempt is not

warranted. See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 103 (2d

Cir. 1965). A contempt "order is a potent weapon, to which courts should not resort where there

is a fair ground of doubt as to the wrongfulness of the [alleged contemnor's] conduct." King, 65

F.3d at 1058 (internal quotation marks and citations omitted).

## APPLICATION OF LEGAL STANDARD

The plaintiffs did not submit a "memorandum of law, setting forth the cases and other

authorities relied upon in support of the motion," as required by Local Civil Rule 7.1(a)(2).

Instead, the declaration of their counsel, Lucks, includes legal arguments and citation to case law

in support of their motion. Local Civil Rule 7.1(a)(3) requires submission of "[s]upporting

affidavits and exhibits thereto containing any factual information and portions of the record

necessary for the decision of the motion." An unsworn declaration subscribed under penalty of

5

perjury may be substituted for an affidavit pursuant to 28 U.S.C. § 1746; however, an affidavit is "a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." *Affidavit*, Black's Law Dictionary (7th ed. 1999).  Legal arguments and case law citations are not statements of facts based on the personal knowledge of the affiant or declarant; thus, the legal arguments and case law citations in Lucks's declaration are included therein improperly.  However, notwithstanding the impropriety of the declaration, in accordance with Federal Rule of Civil Procedure 1, which encourages an efficient and economical resolution of matters put before the Court, and this judicial circuit's "strong preference for resolution of disputes on their merits," Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 320 (2d Cir. 1986), the Court will consider the plaintiffs' contentions and arguments made through Lucks's declaration.

Based upon the record before the Court, the following facts are certified to the assigned district judge: 1) on February 17, 2021, the court ordered 17 John Owner to "provide answers responsive to Plaintiffs' information subpoena served on it dated January 8, 2021, within ten days of this date."  Docket Entry No. 76; 2) on February 18, 2021, Lucks "caused a copy of the Order to be served upon 17 John Owner by FedEx overnight delivery."  Docket Entry No. 77; 3) 17 John Owner did not respond to the January 8, 2021 information subpoena, and thereby failed to comply with the February 17, 2021 order; 4) the February 17, 2021 order provided 17 John Owner with notice that, if it did not comply, it could be held in contempt of court; and 5) 17 John Owner had notice that it was the subject of a contempt proceeding because it was served with the instant motion.  See Docket Entry No. 82.

The Court finds, based upon its review of the February 17, 2021 order requiring 17 John Owner to respond to the plaintiffs' January 8, 2021 information subpoena, that the order is clear and unambiguous, because it could not reasonably leave any uncertainty in the mind of the party to whom it is addressed.  The Court also finds that the proof in the motion record of 17 John Owner's failure to comply with the court's February 17, 2021 order is clear and convincing.  Furthermore, the motion record is devoid of any evidence establishing that 17 John Owner made a diligent effort to comply with the court's February 17, 2021 order.  Based on the above, the Court finds that the plaintiffs have adduced sufficient evidence to establish a prima facie case of civil contempt, warranting a hearing before the court at which any issues of fact can be resolved, and credibility determinations made.  The Court also finds that certification of facts respecting criminal contempt is not warranted, as the motion record is devoid of evidence that 17 John Owner's failure to comply with the February 17, 2021 order was willful.

## CONCLUSION

In light of the facts certified above, the Court grants the plaintiffs' motion, Docket Entry No. 80, to the extent that the 17 John Owner is ordered to appear at a hearing before the assigned district judge, upon a date certain to be determined by the assigned district judge, to show cause why 17 John Owner should not be adjudged in civil contempt by reason of the facts certified above, as contemplated by 28 U.S.C. § 636(e)(6).

The plaintiffs are directed to serve a copy of this Memorandum and Order on 17 John

Owner and to file proof of service with the Clerk of Court.

Dated: New York, New York                 SO ORDERED:
       September 2, 2021

                                                *Kevin Nathaniel Fox*
                                          KEVIN NATHANIEL FOX
                                          UNITED STATES MAGISTRATE JUDGE